COLUMBIANA.
March, 1818.

Woodburn
*v.*
Gillingham
& Bruce.

</div>

---

*COLUMBIANA COUNTY—MARCH TERM, 1818.*

## WOODBURN vs. GILLINGHAM & BRUCE.

The justice dismissing an application for sureties of the peace, cannot give judgment vs. complainant for costs.

TRESPASS—FOR TAKING THE PLAINTIFF'S COW.

PLEA, not guilty—trial to the court.

The case was submitted without argument, on the following agreed facts:—" It is agreed that the defendant Gillingham, is a justice of the peace, and the defendant Bruce, a constable; that the property taken and sold of the plaintiffs, was taken on an execution issued by Gillingham against the plaintiff, on a suit before that time had before him, between the State of Ohio, and John Downard and wife; that the constable was forbidden to take the property, but took it, advertised it, and sold it at public auction; the value of the cow is nineteen dollars. The justice's transcript, and the execution, are annexed.—J. C. WRIGHT, attorney for plaintiff.   J. M. GOODENOW, for defendants."

The transcript set forth the proceedings before justice Gillingham, in a case entitled, "The state of Ohio vs. John Downard, and Margaret his wife," by which it appeared that John Woodburn made oath before the justice, that Downard and his wife had threatened to injure his family, and property, and required that they should be holden to give security to keep the peace; that a warrant was issued, and the defendants were returned in custody.   The magistrate then went into an examination of witnesses, and, "after hearing the proofs and allegations of both parties, was of opinion that there was no ground for binding the parties over to court; therefore, judgment rendered against John Woodburn, the prosecuting witness, for the cost of suit."

On this judgment, an execution was issued to the defendant Bruce, and the plaintiff's cow was taken and sold.   The opinion of the Court was delivered by the

COLUMBIANA.   PRESIDENT.—Justices of the peace had not the power
March, 1818.
                of awarding a judgment for costs in any criminal pro-
Ohio
v.             ceeding, by the common law.   Whenever they have
Gardner, Coul-
ter & Young.   that power, it is given them expressly, by statute.
Our statute law allows justices, constables and witnesses, certain fees
in criminal cases, but no where authorizes a justice to render a judg-
ment, or issue an execution for such fees; so that the proceedings
against Woodburn, for the cost of his complaint, were void.   Where
application for sureties of the peace, appears to be malicious and
groundless, the parties making such application, have been ordered to
pay the costs of it; such orders may be enforced by attachment, but a
judgment cannot be awarded against one who is no party on the
record; if, therefore, the justice had jurisdiction to order the payment
of costs by the complainant, a judgment and execution for them, was
illegal—the case is considered as though all these matters of defence
were specially pleaded; they would, in that way, clearly be no suffi-
cient justification.   Judgment is, therefore, given for the plaintiff, for
the agreed value of his cow.